S07G1708. AMERICAN HOME PRODUCTS CORPORATION
et al. v. FERRARI et al.
(710 SE2d 771)

CARLEY, Presiding Justice.

In *American Home Products Corp. v. Ferrari*, 284 Ga. 384 (668 SE2d 236) (2008) (*Ferrari II*), this Court unanimously affirmed the judgment of the Court of Appeals in *Ferrari v. American Home Products Corp.*, 286 Ga. App. 305 (650 SE2d 585) (2007) (*Ferrari I*). In *Ferrari I*, the Court of Appeals reversed the partial summary judgment granted by the trial court in favor of Appellants, who are vaccine manufacturers, on the design defect claims of Appellees Marcelo and Carolyn Ferrari, individually and on behalf of their minor son, for neurological injury allegedly caused by vaccines. The opinion in *Ferrari II* held that Appellees' design defect claims are not preempted by the National Childhood Vaccine Injury Compensation Act of 1986, 42 USC § 300aa-1 et seq. (Vaccine Act), because a full examination of § 300aa-22 (b) (1) in context and the congressional intent behind it shows that the Act does not preempt all design defect claims against vaccine manufacturers, but instead provides that such a manufacturer cannot be held liable for defective design if it is determined, on a case-by-case basis, that the injurious side effects of the particular vaccine were unavoidable. *Ferrari II*, supra at 386, 393 (5). This Court further noted that a far-reaching interpretation of 42 USC § 300aa-22 (b) (1) which grants complete tort immunity from design defect liability to an entire industry must be rejected in the absence of any clear and manifest congressional purpose to achieve that result, "at least until the Supreme Court of the United States has spoken on the issue." *Ferrari II*, supra at 394 (5).

On writ of certiorari, the United States Supreme Court vacated the judgment in *Ferrari II* and remanded the case to this Court for further consideration in light of *Bruesewitz v. Wyeth*, 562 U. S. ___ (131 SC 1068, 179 LE2d 1) (2011). *American Home Products Corp. v. Ferrari*, ___ U. S. ___ (131 SC 1567, 179 LE2d 471) (2011) (*Ferrari III*). In *Bruesewitz*, supra at ___ (IV), the Supreme Court held that the Vaccine Act "preempts all design-defect claims against vaccine manufacturers brought by plaintiffs who seek compensation for injury or death caused by vaccine side effects." Thus, that Court has now "spoken on the issue." Accordingly, the former judgment of this Court in *Ferrari II* is vacated, the judgment of the Court of Appeals in *Ferrari I* is reversed, and the case is remanded to the Court of Appeals for proceedings consistent with the opinion of the Supreme Court of the United States in *Bruesewitz*.

*Judgment reversed and case remanded with direction. All the Justices concur, except Nahmias, J., who concurs specially.*

NAHMIAS, Justice, concurring specially.

I join the majority's result and its opinion except for the recounting on page 184 of this Court's reasoning in *Ferrari II*. That discussion is unnecessary, and it may be read to suggest, inappropriately, that this Court believes that a "full examination of § 300aa-22 (b) (1) in context and the congressional intent behind it" still "shows that the Act does not preempt all design defect claims against vaccine manufacturers." The Supreme Court of the United States has now conducted its own "full examination of § 300aa-22 (b) (1) in context and the congressional intent behind it" and reached the opposite conclusion, which is binding on this Court. See *Bruesewitz v. Wyeth LLC*, ___ U. S. ___, ___ (131 SC 1068, 1075-1086, 179 LE2d 1) (2011) (examining the statutory text, statutory and regulatory structure, and legislative history). See also id. at ___-___ (131 SC at 1082-1086) (Breyer, J., concurring) (further examining the legislative history and statutory purpose). The United States Supreme Court also rejected the understanding of its *Medtronic* decision upon which *Ferrari II*'s "far-reaching interpretation" passage was based. See *Bruesewitz*, ___ U. S. at ___ (131 SC at 1080).

DECIDED MAY 16, 2011.

*Thompson Hine, Leslie J. Suson, King & Spalding, Matthew S. Harman, Robert D. Hays, Jr., Michael R. Powers, Fulbright & Jaworski, Marcy H. Greer, Stephanie A. Smith, Stacey A. Martinez, Orrick, Herrington & Sutcliffe, Daniel J. Thomasch, Richard W. Mark, Lauren J. Elliot, John L. Ewald,* for appellants.

*Lanny B. Bridgers, Nall & Miller, George P. Neuhauser, Kenneth P. McDuffie, Greenberg Traurig, Lori G. Cohen, Christiana C. Jacxsens, Hawkins, Parnell, William H. Major III, David H. Wilson, Fields, Howell, Athans & McLaughlin, Paul L. Fields, Jr., Alissa C. Malone, Joseph F. Archer, Shook, Hardy & Bacon, William F. Northrip, Jeffrey A. Kruse, Lori C. McGroder, Buckley King, Robert P. White, R. G. Taylor & Associates, James C. Ferrell, Elizabeth M. Pipkin, Tucker, Ellis & West, Robert C. Tucker, Chris W. Bayuk,* for appellees.

*McKenna, Long & Aldridge, Bruce P. Brown, Lawrence S. Ebner, Robin S. Conrad, Amar D. Sarwal, Douglas T. Nelson, Joshua Saltzman, Deborah J. La Fetra, Elizabeth A. Yi, Goldstein & Hayes, James A. Goldstein, Scherffius, Ballard, Still & Ayres, William L. Ballard,* amici curiae.